MR. JUSTICE MORRISON
dissenting:
I respectfully dissent from the majority opinion on the damage issue.
The trial court was faced with a difficult decision respecting an *138 award of damages in this case. The proper measure of damages required the District Court to evaluate the value of this business after the “wash out” and compare that value to a value for the business had the funds been advanced. The difference in values should be the measure of damage. The investment of the individual plaintiffs is not the correct measure of damages.
The trial court faced the difficult task of determining damages in the absence of proof relating to the proper measure. Since the plaintiffs were represented by able and experienced trial counsel I can only assume that it was virtually impossible to establish the appropriate values with expert testimony. Nevertheless, the burden of proof on damages resides with the plaintiff and if there is a failure the plaintiff’s case must fall.
I would reverse and remand this case for a new trial on damages requiring the plaintiff to go forward with proof relating to the change in value caused by the bank’s failure to advance funds.
MR. JUSTICE WEBER and MR. JUSTICE GULBRANDSON concur in the the dissent of MR. JUSTICE MORRISON.